UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| DEMONDRAY D. MAYO, | No. 18-16081 |
|---|---|
| Petitioner-Appellant, | D.C. No. 3:09-cv-00316-MMD-WGC |
| v. | District of Nevada, Reno |
| STATE OF NEVADA; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | ORDER |
| Respondents-Appellees. | |

Before:  W. FLETCHER and R. NELSON, Circuit Judges, and SESSIONS,[*] District Judge.

The petition for panel rehearing is DENIED.  Judges W. Fletcher and R. Nelson vote to DENY the petition for rehearing en banc, and Judge Sessions so recommends.  The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on whether to rehear the matter en banc.  Fed. R. App. P. 35.

The memorandum disposition filed on February 19, 2020, is amended.  The amended memorandum disposition will be filed concurrently with this order.

---

[*]   The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Subsequent petitions for panel rehearing and/or petitions for rehearing en banc may be filed with respect to the amended memorandum disposition in accordance with the requirements of Fed. R. App. P. 40 and 35.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEMONDRAY D. MAYO, | No. 18-16081 |
| Petitioner-Appellant, | D.C. No. 3:09-cv-00316-MMD-WGC |
| v. | |
| STATE OF NEVADA; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | AMENDED MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted January 24, 2020
San Francisco, California

Before: W. FLETCHER and R. NELSON, Circuit Judges, and SESSIONS,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Demondray Mayo appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

1. Mayo argues that the Nevada Supreme Court's determination that his guilty plea was knowing and voluntary was contrary to clearly established federal law and based on an unreasonable determination of fact. This argument lacks merit.

"A state court's decision is an 'unreasonable application' of federal law only if it is 'objectively unreasonable[.]'" *Riley v. Payne*, 352 F.3d 1313, 1317 (9th Cir. 2003) (citation omitted). Here, the Nevada Supreme Court concluded that Mayo's plea was knowing, voluntary, and intelligent based on a rational evaluation of the evidentiary record. *See Boykin v. Alabama*, 395 U.S. 238, 242-243 (1969). At the plea canvass, Mayo stated that he was entering the plea freely and voluntarily; he also answered multiple other questions suggesting that he understood what was occurring. As the state supreme court held, the trial court "had the opportunity to observe appellant's demeanor during the plea canvass." It also considered that Mayo had been involved in directing several important decisions in his case. Based on the record, the Nevada Supreme Court's legal determination that the Nevada district court did not abuse its discretion in determining Mayo's plea was knowing and voluntary was not objectively unreasonable.

18-16081

Insofar as the state court's factual findings are challenged, the "unreasonable determination of fact" clause of 28 U.S. § 2254(d) requires that federal courts "must be particularly deferential" to state court factual determinations. *Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). Here, the Nevada Supreme Court determined that Mayo's plea was voluntary and knowing based on multiple facts in the record. We find that the Nevada Supreme Court's findings of fact regarding Mayo's plea are supported by the record and are reasonable.

2. Mayo asks this Court to expand the certificate of appealability (COA) to consider his ineffective assistance of counsel claim. In order for this Court to grant a certificate of appealability in a post-AEDPA habeas case such as this one, the Petitioner must make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A Petitioner makes such a showing (1) if he or she demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong;" or (2) the issue presented is "adequate to deserve encouragement to proceed further." *Id*. at 483-84. Mayo has not made such a showing.

Mayo does not present clear evidence in the record showing that his attorney failed to meet a reasonable level of professional competence even though he did not challenge the guilty plea based on intellectual deficits or medication that Mayo was taking at the time. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the

absence of clear evidence that Mayo was not able to understand instructions or make decisions due to these reasons, counsel's failure to raise them was not necessarily or likely ineffective.

Additionally, while Mayo claims that he suffered prejudice on account of counsel's failure to raise these issues, he presents sparse evidence that he would have changed his plea had counsel acted differently. The State of Nevada had a fairly strong case against Mayo; multiple individuals had reported to the police that Mayo had admitted to shooting Escoto-Gonzales. Mayo has not shown that he made the decision to plead guilty in haste, in a state of confusion, or without receiving multiple explanations of its consequences due to the negligence of counsel. For these reasons, and in light of the significant deference accorded to a state supreme court's denial of an ineffective assistance of counsel claim, reasonable jurists would likely not find the district court's denial of Mayo's Sixth Amendment constitutional claim debatable or incorrect. *See Cullen v. Pinholster*, 563 U.S. 170, 173 (2011). This Court declines to hear this issue on appeal.

**AFFIRMED.**

18-16081